## THE PEOPLE v. JOHN DANE.

*Public prosecutor—His duty to the people and respondent stated—Error to assert a fact to the jury, as of his own knowledge, not in evidence—Court should caution jury against such statement.*

1. It is the duty of the public prosecutor to see that the respondent receives a fair trial, as far as it is in his power to afford him one, and to use his best endeavor to convict persons guilty of crime, and in the discharge of this duty an active zeal is commendable; yet his methods to procure such conviction must accord with the fair and impartial administration of justice.

2. On the trial of a respondent charged with larceny the public prosecutor, in his address to the jury, asserted "that he knew that the defendant was the man who took the money." Objection was taken to the remark at the time, but the presiding judge failed to caution the jury regarding same.

   *Held*, that if the prosecutor was cognizant of the fact stated, and wished the jury to be possessed of his knowledge, he should have been sworn as a witness and given his evidence in the usual way so that the defendant could have the benefit of a cross-examination.

   *Held*, further, that it cannot be said that the statement was error without prejudice, for it is impossible to tell what influence it had upon the jury.

Error to Alpena. (Emerick, J.) Argued January 27, 1886. Decided February 3, 1886.

Information for larceny. Convicted. Reversed.

The facts are stated in the opinion.

The respondent was informed against for the larceny of seventy-six dollars, in money, and the bill of exceptions contains the following statement:

"During the argument of Mr. Dafoe (the Prosecuting Attorney), the following occurred:

MR. SLEATOR.—I object to the prosecutor's statement in relation to the assault upon Waltonbury, and also to his statement, some time ago, that he knew that the defendant was the man who took the money, and I take an exception.

THE COURT.—This remark of the prosecutor about the assault upon Waltonbury being an outrageous one, is entirely unwarranted by the evidence.

MR. SLEATOR.—May I ask the court to allow the stenographer to take the remark down 'that he knew the defendant was guilty or the man that took the money.'

THE COURT.—He may take it down."

*George H. Sleator*, for respondent:

The testimony was insufficient to warrant a conviction, and courts in criminal cases have often so held: *McCoy v. People*, 65 Ill. 439; *Slattery v. People*, 76 Ill. 217; *McCue v. Commonwealth*, 78 Penn. St. 185; *State v. Carter*, 72 N. C. 99; *People v. Walker*, 38 Mich. 156; *People v. Saunders*, 29 Mich. 269.

The court erred in permitting the prosecuting attorney, during his argument, to state to the jury "that he knew that defendant was guilty." He had not been sworn as a witness and had no legal right to make such a statement.

*L. G. Dafoe*, for People:

If, in the warmth of an argument, unguarded remarks are uttered they should be objected to at the time: *People v. Ormsby*, 48 Mich. 494; a prosecuting attorney, though a sworn minister of justice, whose duty it is to see that the innocent are protected, as well as the guilty brought to punishment (*People v. Davis*, 52 Mich. 57), is not necessarily required to display so much lukewarmness in a case, when he honestly believes a party guilty, as to allow counsel for the defense, who are invariably aggressive and vigilant, to have it all their own way: *People v. Winslow*, 39 Mich. 505.

*Moses Taggart*, Attorney General, for the People :

Cited on the same question : *Driscoll v. People*, 47 Mich. 418; *Porter v. Throop*, *Ib.* 313 ; *People v. Wilson*, 55 Mich. 506.

CHAMPLIN, J.   In this case we are asked to reverse the judgment on the ground that there was not sufficient evidence to support the conviction.   We think that there was evidence tending to prove the allegations of the information. It was not very direct and positive, but the jury are the proper persons to draw all proper inferences from the facts proved.   The case must be reversed, however, upon another ground.

The prosecuting attorney, in addressing the jury on behalf of the people, asserted to the jury that he knew that the defendant was the man who took the money.   The attorney for the defendant objected to this remark, as well as to another made by the prosecutor that the defendant's assault upon Waltonbury was an outrageous one, and defendant's counsel took exceptions to such remarks.   The court instructed the jury that this remark, about Waltonbury, was entirely unwarranted by the evidence, but said nothing in reference to the prosecutor's positive statement to the jury that he knew that the defendant was the man who took the money.   It is the duty of the public prosecutor to see that the person charged with crime receives a fair trial, so far as it is in his power to afford him one, and it is likewise his duty to use his best endeavor to convict persons guilty of crime ; and in the discharge of this duty an active zeal is commendable, yet his methods to procure conviction must be such as accord with the fair and impartial administration of justice; and it is improper for one occupying the position of the prosecuting officer to make a statement to the jury of a fact, as of his own knowledge, which has not been introduced in evidence under the sanction of an oath, relating to the material issues in the case: *State v. Balch*, (Kan.) 2 Pac. Rep. 609.   If the prosecutor was cognizant of the fact that the defendant was the man who took the money, and wished the jury to be pos-

sessed of his knowledge, he should have been sworn as a witness, and given his evidence in the usual way, so that the defendant could have the benefit of a cross-examination. Nor can we say that the statement made by the prosecutor was error without prejudice. It is impossible to tell what influence the statements had upon the mind of the jury. It is presumable that statements of fact based upon personal knowledge, made by a person occupying the responsible position of prosecuting attorney of a county, whom the people have chosen because of his ability and character to fill that position, would have both weight and influence with the jury, and may have determined any doubt which they, or some of them, may have entertained of the defendant's guilt against him.

The judgment must be reversed, the conviction set aside, and a new trial granted.

The other Justices concurred.