### PEOPLE v. LATHAM

1. SEARCHES AND SEIZURES—ILLEGALLY SEIZED EVIDENCE—APPEAL
AND ERROR.

Defendant's failure to move to suppress claimed illegally-seized
evidence precludes appellate review unless the evidence was
decisive in determining defendant's guilt.

2. CRIMINAL LAW—PROSECUTOR'S REMARK—FAILURE TO OBJECT—
APPEAL AND ERROR.

A prosecutor's prejudicial remark in closing argument requires
reversal only when the prejudice could not have been cured by
a curative instruction to the jury where the defendant did
not object to the remark at trial.

3. CRIMINAL LAW—PROSECUTOR'S REMARKS—FAILURE TO OBJECT—
APPEAL AND ERROR.

Prosecutor's remark in closing argument that defendant had been
convicted of second-degree murder did not require reversal
even though the defendant had been convicted only of burglary
where the remark was not objected to at trial and the pre-
judice could have been rectified by a curative instruction.

Appeal from Kent, George V. Boucher, J.  Sub-
mitted Division 3 February 2, 1971, at Grand
Rapids.  (Docket No. 8448.)  Decided March 30,
1971.

James Curtis Latham was convicted of pandering.
Defendant appeals.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTE
[1] 29 Am Jur 2d, Evidence § 425 et seq.
[2, 3] 53 Am Jur, Trial § 505 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston,* III, Chief Appellate Attorney, for the people.

*John F. Lynch, Jr.,* for defendant on appeal.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant was convicted of pandering[1] by a jury on September 8, 1969, and was sentenced to serve 3 to 20 years in prison. He is before this Court on appeal by right.

Defendant first contends that he was unduly prejudiced by the admission of allegedly illegally seized evidence. However, defendant made no motion below to suppress the evidence; and, therefore, we will not reverse unless the admission of that evidence was decisive in determining defendant's guilt.[2]

Our review of the record convinces us that a new trial at which the evidence in question would be suppressed would serve no useful purpose. It is our opinion that defendant would again be convicted, based upon the other evidence presented against him. We do not, therefore, need to discuss the issue of whether or not the search was in fact illegal.

Defendant next contends that an incorrect statement made by the prosecutor during closing argument requires reversal. The statement referred to was that defendant had been convicted of second-degree murder in Indiana, when in fact defendant had only been convicted of second-degree burglary in that state. Defendant made no objection to the statement at the trial, but now contends that the

---

[1] MCLA § 750.455 (Stat Ann 1954 Rev § 28.710).
[2] *People* v. *Degraffenreid* (1969), 19 Mich App 702, 716.

remark was so prejudicial that it deprived him of a fair trial.

The rule is that this court will reverse a conviction based upon a prejudicial remark made during closing argument, only when the prejudice could not have been rectified by a curative instruction on the part of the trial judge, where the prejudicial remark was not objected to at the trial below.[3]  Here, the trial judge could have easily corrected the misstatement made by the prosecutor.  Therefore, we will not reverse since the remark was not objected to below.

Affirmed.

---

[3] *People* v. *Humphreys* (1970), 24 Mich App 411.