PEOPLE v BLAKE

1. Criminal Law—Prosecutors—Prosecutor's Remarks—Preju-
   dice.

   A prosecutor's closing remarks must be read as a whole when
   attempting to evaluate their potential prejudicial effect.

2. Appeal and Error—Criminal Law—Prosecutors—Prosecutor's
   Remarks—Preserving Question—Prejudice—Curative In-
   structions.

   Appellate review of allegedly prejudicial remarks made by a
   prosecutor is precluded where no objection to the remarks was
   made at trial and where the prejudicial effect of the remarks
   could have been eliminated by a prompt objection and a cura-
   tive instruction.

3. Criminal Law—Prosecutors—Prosecutor's Remarks—Defenses
   —Insanity—Acquittal—Disposition of Defendant.

   Reference by a prosecutor to the disposition of a defendant should
   he be acquitted by reason of insanity is not reversible error
   where the prosecutor's comments are brief, nonprejudicial,
   made in response to the remarks of defense counsel, and not
   objected to at trial.

4. Criminal Law—Prosecutors—Prosecutor's Remarks—Insanity
   —Expert Witnesses—Jury—Curative Instructions.

   A prosecutor's comments regarding a defendant's insanity de-
   fense and the disposition of the defendant should he be acquit-
   ted by reason of insanity were not rendered reversibly erro-
   neous by the fact that the remarks were made in conjunction
   with a reference to an expert witness's position as Director of
   the Center for Forensic Psychiatry and to his opinion testimony
   concerning the defendant's sanity where the question of

References for Points in Headnotes

[1] 75 Am Jur 2d, Trial § 192.
   Prejudicial effect of trial court's denial, or equivalent, of counsel's
   right to argue case. 38 ALR2d 1396.
[2] 75 Am Jur 2d, Trial § 289.
[3–6] 75 Am Jur 2d, Trial § 228.
[7] 17 Am Jur 2d, Continuance §§ 3, 4.

whether or not the remarks and the testimony tended to remove the issue of insanity from the jury's consideration has not been properly preserved for appellate review, and the remarks and testimony could readily have been countered by a curative instruction.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENSES—INSANITY.

A court's instruction to the jury which used the word "convenient" to characterize a temporary insanity defense was not reversible error where the instruction given did not unduly deprecate the defendant's insanity theory, and did not improperly influence the jury because, when considered in its entirety, the instruction included an admonition to avoid speculating on or considering the court's opinion on the facts of the case.

6. CRIMINAL LAW—DEFENSES—INSANITY—MENTAL DISEASE—COURT DECISIONS.

The traditional test for insanity, which takes into consideration whether a defendant suffered from a mental disease when he committed the criminal act, is still the test in Michigan and has not been altered by a recent Supreme Court decision.

7. CRIMINAL LAW—TRIAL—CONTINUANCE—JUDGE'S DISCRETION—RAPE —PREGNANCY OF COMPLAINING WITNESS.

The granting of a continuance is a matter within the sound discretion of the trial court, and that discretion was not abused by denial of a motion for a continuance in a case where the defendant was charged with rape, the complaining witness was eight and one-half months pregnant at time of trial, and the prosecutor, the court, and the complaining witness herself made it clear to the jury that the defendant was not the father.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 December 9, 1974, at Lansing. (Docket No. 18527.) Decided February 13, 1975.

Robert T. Blake was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Joseph B. Szeremet,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and BASHARA and ALLEN, JJ.

PER CURIAM. Defendant was convicted by a jury of rape, MCLA 750.520; MSA 28.788. He was sentenced to a term of 10 to 30 years in prison, and he appeals. We affirm.

The allegations of error advanced by the defendant in this case concern comments of the prosecutor and the instructions of the trial court to the jury. Consequently an adequate statement of the facts need not include an extensive recounting of all the details of the crime. It is sufficient to note that the defendant hid in the complaining witness's car while she was shopping, and upon her return, he forced her at knife point to drive to a relatively secluded area. He struck her numerous times, threatened her with the knife, and forced her to submit to intercourse. At trial, the defense maintained that the defendant was acting under an irresistible impulse when he performed these acts, and hence was not guilty by reason of insanity.

Certain of the prosecutor's remarks during his closing arguments to the jury are assigned as error on appeal. Remarks were made by the prosecutor in response to a position taken by the prosecution's expert witness, Dr. Robey, on the sanity of the defendant. Under cross-examination by defense counsel, Dr. Robey indicated that the defendant's sexual deviation was not a problem to him, but rather became a problem to those with whom he came into contact. The prosecutor argued that the complainant properly handled the "problem" forced on her by the defendant, asserting that

members of the jury could not have done better, and also stating "And from the bottom of my heart, members of the jury, I tell you she handled it admirably." Defendant complains of this sentence, arguing that it was an improper attempt to bolster the credibility of the witness, and to personally vouch for the propriety of her response to the defendant's attack. The prosecutor's closing remarks must be read as a whole when attempting to evaluate their potential prejudicial effect. *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972), *lv den,* 388 Mich 809 (1972). Considered in context, the prosecutor's comments constituted proper comment upon the evidence. *People v Pacely,* 51 Mich App 67; 214 NW2d 561 (1974). The argument of the prosecutor was not an improper attempt to bolster the credibility of the witness. *People v Hall,* 56 Mich App 10; 223 NW2d 340 (1975). No objection to these remarks was made at trial, consequently appellate review is precluded unless the prejudicial effect of the remarks could not have been eliminated by a prompt objection and a curative instruction. *People v McLendon,* 51 Mich App 543; 215 NW2d 742 (1974). Any prejudice generated by these remarks could readily have been rectified had an objection been made. *People v Bennett,* 46 Mich App 598; 208 NW2d 624 (1973). Furthermore, the remarks were made in response to matters previously raised by defense counsel. *People v Dersa,* 42 Mich App 522; 202 NW2d 334 (1972), *lv den,* 388 Mich 803 (1972). The trial court instructed the jury that they were the sole judges of all questions of fact and of the credibility of witnesses, and that they were not to consider what was said by counsel as evidence. *People v Herrera,* 42 Mich App 617; 202 NW2d 515 (1972), *lv den,* 388 Mich 806 (1972).

Application of the same legal principles to the next issue raised by the defendant precludes the finding of reversible error. Defendant objects, again for the first time on appeal, to the reference by the prosecutor in his closing remarks to the disposition of the defendant should he be acquitted by reason of insanity, as these remarks were coupled with a comment upon the qualifications and professional position of the prosecution's expert witness, Dr. Robey.

The matter of disposition was first raised by defense counsel during his own closing argument. While neither party should mention this subject during their arguments to the jury, it has been held that such reference by the prosecutor in response to discussion of disposition by the defense does not amount to reversible error where the prosecutor's reference to the matter is not extensive, and any possible prejudicial effect could have been rectified by a curative instruction made in response to a timely request. *People v Szczytko,* 390 Mich 278; 212 NW2d 211 (1973). In the present case, the prosecutor's comments on possible disposition were brief, nonprejudicial, made in response to the remarks of defense counsel, and unobjected to at trial. These remarks did not inject reversible error into the case.

The fact that these remarks were made in conjunction with the reference to Dr. Robey's position as Director of the Center for Forensic Psychiatry, and to his opinion testimony concerning the defendant's sanity, did not render the otherwise permissible prosecutorial argument reversibly erroneous. The question of whether or not these remarks and the expert opinion testimony infringed upon the province of the jury and tended to remove the issue of insanity from the jury's

consideration has not been properly preserved for appellate review. *People v Musser,* 53 Mich App 683; 219 NW2d 781 (1974). The comments of the prosecutor in his closing argument concerning the insanity defense and the expert testimony could readily have been countered by a curative instruction, and therefore, reversible error cannot be predicated upon these remarks. *People v Corsa,* 50 Mich App 479; 213 NW2d 579 (1973), *lv den,* 391 Mich 809 (1974).

Three instances of what defendant claims to be reversible error in the trial court's instruction to the jury are advanced for our consideration. As to the first, the trial court instructed the jury in conformity with the rule of *People v Cole,* 382 Mich 695; 172 NW2d 354 (1969). The instruction was similar to that approved in *People v Szczytko,* 40 Mich App 161; 198 NW2d 740 (1972), affirmed by *People v Szczytko, supra;* and we find no error.

Next, the defendant objects to the trial court's use of the word "convenient" to characterize the temporary insanity defense. The instruction was taken from *People v Finley,* 38 Mich 482 (1878), a case which has been used, with the exclusion of the term "convenient", as the basis for the instruction in 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 906, p 1241, Form 334. The instruction given did not unduly deprecate the defendant's insanity theory, and it did not improperly influence the jury because when considered in its entirety, the trial court's charge included an admonition to avoid speculating on or considering the trial court's opinion on the facts of the case. See *People v Harper,* 43 Mich App 500; 204 NW2d 263 (1972), *lv den,* 389 Mich 759 (1973). In addition, no objection to this instruction was made at trial, and therefore, it cannot now be assigned as error. GCR 1963, 516.2.

The case relied upon by the defendant, *People v Holmes,* 111 Mich 364; 69 NW 501 (1896), is not on point because there the primary source of error was the trial court's reading directly from the Supreme Court's opinion in *People v Finley, supra,* in its instruction to the jury, and because the argumentative language used was far more prejudicial than the term employed in the present case.

The final alleged instructional error, raised in the supplemental brief, involves defendant's contention that the instruction on insanity was not in accordance with the holding in *People v Martin,* 386 Mich 407; 192 NW2d 215 (1971). Defendant asserts that the test for insanity promulgated by *Martin* differs from the traditional tests first enunciated in *People v Durfee,* 62 Mich 487; 29 NW 109 (1886), in that no longer is it necessary under *Martin* to consider whether the defendant suffered from a mental disease. This argument overlooks an explanatory footnote in *People v Martin, supra,* 386 Mich 419, footnote 5, which states:

"While we have heretofore quoted what is generally regarded as the *Durfee* test, it is important to remember the entire instruction of the trial judge in *Durfee* as to insanity which received the unqualified approval of this Court."

and then proceeds to quote the original *Durfee* test at length, complete with the reference to mental disease. Clearly, the court in *Martin* did not intend to alter the Michigan test based on *Durfee* which was considered to be "wholly adequate and fair".

Defendant argues that the trial court abused its discretion by denying a request for a continuance because the complainant was eight and one-half months pregnant at the time of trial. According to the defendant, a continuance would have avoided

the prejudicial impact of the jury's predictably sympathetic reaction to the physical appearance of the complainant. The granting of a continuance is a matter within the sound discretion of the trial court. GCR 1963, 503; MCLA 768.2; MSA 28.1025. The pregnancy of the complaining witness is not enough in itself to render the denial of a motion for a continuance reversible error. *People v O'Leary,* 6 Mich App 115; 148 NW2d 516 (1967), *lv den,* 379 Mich 762 (1967); *People v Joseph Barbara, Jr,* 23 Mich App 540; 179 NW2d 105 (1970), *lv den,* 383 Mich 803 (1973). The prosecutor, the court, and the complaining witness herself made it emphatically clear to the jury that the defendant was not the father of the child. Under these circumstances, we find no abuse of the trial court's discretion in denying the continuance.

Affirmed.