# Order

Michigan Supreme Court
Lansing, Michigan

June 1, 2011

142334 & (86)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

THOMAS DAVID RICHARDSON,
      Defendant-Appellant.
_____/

SC: 142334
COA: 287857
Alger CC: 07-001782-FC

On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the November 2, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

This Court has a long-held view that a prosecutor must exhibit a high ethical standard when presenting a case to the jury:

> It is the duty of the public prosecutor to see that the person charged with crime receives a fair trial, so far as it is in his power to afford him one, and it is likewise his duty to use his best endeavor to convict persons guilty of crime; and in the discharge of this duty an active zeal is commendable, yet his methods to procure conviction must be such as accord with the fair and impartial administration of justice; . . . [*People v Dane*, 59 Mich 550, 552 (1886).]

While we do not agree with the defendant that the prosecutor committed misconduct that jeopardized the fairness of the trial in this case, some of the prosecutor's arguments compel comment. We address the following matters in particular. First, comments and arguments drawing a comparison between the case being tried with notorious crimes is ill-advised. Generally, less emotion-laden analogies will serve just as well in making a point. Second, comments disparaging the sincerity of the religious beliefs held by a defendant or witness should generally be avoided. An exception exists

if the sincerity of those beliefs has been offered to explain actions or used to support credibility. That exception did not exist in this case. Third, calling defense witnesses such names as "whore" or "bottom feeder" is simply unprofessional. Similarly, suggesting that the victim's children had betrayed her by testifying for their father, the defendant, was inappropriate.

Finally, and of great importance, the prosecutor complained during closing arguments that the court had made evidentiary rulings that were not favorable to her. Among her comments, the prosecutor told the jury that one of her witnesses had been "muzzled," and she described the process whereby the court makes evidentiary decision as "crazy." Those comments disparage the reputation of both the judge and the justice system under which the prosecutor labors. Further, they suggest that the prosecutor had admissible evidence that she was precluded from presenting. Closing argument to the jurors is an unsuitable forum to announce disagreement with the judge's rulings. Fortunately for the prosecutor, the court informed the jurors what they could consider as evidence and told them that the arguments of counsel were not to be considered as evidence.

CAVANAGH, J., would grant leave to appeal to consider the issue of prosecutorial misconduct.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2011

_Corbin R. Davis_
Clerk

y0525