## PEOPLE v STAGGS

Docket No. 77-1209. Submitted June 14, 1978, at Detroit.—Decided
    August 22, 1978.

Daniel Staggs, also known as William G. Nicholson, was found
    guilty of armed robbery but mentally ill, Wayne Circuit Court,
    Charles Kaufman, J. The defendant appeals, claiming that
    certain comments made by the prosecutor regarding the dispo-
    sition of a defendant found not guilty by reason of insanity
    require reversal. *Held:*

1. The comments, which were objected to by defense counsel,
    did not constitute reversible error. The remarks were not one-
    sided and calculated to prejudice the jury against the insanity
    defense, defense counsel responded to the comments in his own
    closing argument, and the court sustained defense counsel's
    initial objection and gave a proper curative instruction.

2. A comment in the prosecutor's opening statement which
    related to the defendant's mental state did not come within the
    prohibition against introduction of evidence relating to a de-
    fendant's sanity before such evidence is introduced by the
    defense because the comment was not evidence, no testimony
    was offered by the prosecutor in support of defendant's sanity
    until rebuttal, and the insanity issue was covered both in the
    voir dire questions and in defense counsel's opening statement.
    Affirmed.

1. Criminal Law—Instructions to Jury—Disposition of Defend-
    ant.

    A trial court must instruct a jury on the disposition of a defend-
        ant who is found not guilty by reason of insanity where such
        an instruction is requested by the jury or by the defense.

2. Criminal Law—Prosecutor's Comments—Disposition of Defend-
    ant.

    Comments by a prosecutor regarding the disposition of a defend-
        ant should the jury find him guilty but mentally ill did not

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 45.
[2, 3] 76 Am Jur 2d, Trial § 228.

constitute reversible error where the remarks were not all one-sided and calculated to prejudice the jury against the insanity defense, where defense counsel responded to the comments in his own closing argument in pleading for treatment for the defendant's illness, and where the trial court sustained the defense's initial objection, informed the jury that the prosecutor's comments were merely his opinion of the law, and gave instructions to the jury on the disposition of the defendant when requested to do so by the jury.

3. CRIMINAL LAW—PROSECUTOR'S COMMENTS—INSANITY.

A prosecutor's comment in his opening statement that the jury was to "judge if these are the acts of a person who is in control of his faculties, not suffering from any type of illnesses" is not within the prohibition against the prosecutor's introduction of evidence relating to a defendant's sanity before such evidence is introduced by the defense; the remark was not evidence, no testimony was offered by the prosecutor in support of the defendant's sanity until rebuttal, and the insanity issue was covered in both the voir dire questions and in defense counsel's opening statement.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Liss & Liss, P. C.,* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and BEASLEY and P. R. MAHINSKE,* JJ.

N.J. KAUFMAN, P.J. Following a jury trial held January 19–24, 1977, defendant was found guilty but mentally ill[1] of armed robbery. MCL 750.529; MSA 28.797. He was sentenced to a prison term of 25–40 years and appeals as of right. The basic issue involved in this appeal is one of prosecutorial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 768.36; MSA 28.1059.

comment upon the disposition of a defendant found not guilty by reason of insanity.

On June 16, 1976, police were summoned by an alarm at the Gay Pharmacy, a small drugstore in Redford Township. When police arrived at the scene, they discovered defendant in the process of taping the legs of a female employee. Testimony at trial revealed that defendant and two accomplices, armed with revolvers, had just completed a robbery of $508 from the drug store's cash register.

The defense was insanity. Defendant and his mother, sister, and a friend gave testimony to the effect that ever since defendant had returned from military service in Viet Nam, he had been a violent and uncontrollable person, scarred by the physical and emotional injuries he had received in the war. Defendant's mother also testified, in response to questions from defense counsel, that on several occasions she had tried to get psychiatric help for the defendant. In rebuttal the plaintiff presented the testimony of a clinical psychologist who stated that upon examination of defendant after the crime, he had found no evidence of mental illness.

Then in closing argument, the prosecutor argued the issue of disposition of the defendant following a verdict of "not guilty":

"And what is he going to say to you? He is caught. The police officer has got him and he couldn't have gotten out. What kind of thing is he going to tell you? He has got to tell you something. The best thing he could think of telling you is: 'I don't remember and because I don't remember I am not guilty.' And he asks you to find him not guilty. And he said: *Tell the Judge I am not guilty so he can release me, so I can go back and walk among you."* (Emphasis added.)

At this point defense counsel objected and the following colloquy occurred:[2]

"MR. JACKSON [Defense Counsel]: Your Honor, I am going to object to defense counsel's [sic] statement. He is perfectly aware as to what the law provides in the case.

"THE COURT: I will sustain your objection.

"MR. TOUNSEL [Assistant Prosecutor]: The law provides if a person is found not guilty by reason of insanity, that the Judge will determine what happens to him. All right. He might go to a hospital—

"MR. JACKSON: Your Honor—

"MR. TOUNSEL: —or he might be released.

"MR. JACKSON: Your Honor, again I am going to object to what the law provides. That is for the instruction of the Court.

"THE COURT: Well, of course, counsel can give his understanding of the law. You are talking about People against Cole and the statute, right?

"MR. TOUNSEL: That is correct, your Honor.

"THE COURT: As your opinion of the law, go ahead."

The prosecutor then continued with his closing argument:

"MR. TOUNSEL: That's right. There will also be a chance that you will find him not guilty by reason of insanity and not guilty—just plain not guilty. And nothing will happen to him. That's the law. And it's possible that he will be found guilty and the law says that the Judge will determine what happens to him in that respect. I am not asking you to speculate what the Judge is going to do. I don't even know. No one knows. It is a whole different process that has to be gone through. That's possible. *But if you find him not guilty, he will be a free man, free as you and I. A free man, a man who readily admitted to having guns in that store* * * * ." (Emphasis added.)

---

[2] The trial court should have excused the jury following defense counsel's objection.

Defense counsel referred to the prosecutor's statements at the end of his own closing argument. He stated:

"And unlike the Prosecutor, as I understand the law, first of all, Daniel Staggs has to go back to prison anyway because he is out on escape. Secondly, if you find he needs help, and the only way he can do that is to be certified as insane. *Then he will be found not guilty for reasons of insanity and he has to be confined to a hospital and he, in fact, will not walk among society.* But this will be the first time in the history of his life that he has gotten any help whatsoever, if he is found guilty by reason of insanity, or not guilty for reasons of insanity. But if you indicate in your verdict insanity, Daniel Staggs will get some help. That is the only way that he can get help." (Emphasis added.)

Then in rebuttal, the prosecutor returned to the theme of disposition:

"Now, with that having been said, if you the jury find that he has a character disorder and you think that it's serious enough to be called mental illness but not serious enough to be called mentally insane, one of the verdicts which you will be given to give along with the other three is guilty but mentally insane—mentally ill. As a result of that verdict he will be tested and psychiatrists will determine what will happen to him. If he will go to the hospital or if anything else will happen to him. He will make a recommendation to the Judge and that recommendation will be considered by this Court or any other court in the State of Michigan.

"There is also, as he has indicated to you, not guilty by reason on *[sic]* insanity. You can bring back a verdict of not guilty, but the evidence does not show not guilty. The evidence does not indicate a substantial disorder that will prevent him from being able to recognize what he is doing and why he is doing it. * * *

"So, if you—if for some reason you think this man is just not a bad character in general, and if you think he

has got some illness, *find him guilty and tell the Judge he was mentally ill so he can get some help and that he won't walk among us a free man as you and I.*" (Emphasis added.)

Following the closing arguments, the trial court instructed the jury as to the consequences of their verdicts:

"I might tell you this, what some of the consequences of your verdict may be. If your verdict is guilty, then don't concern yourselves with what the penalty is because that's up to the Court to make a determination on. If you find the defendant not guilty, then, of course, he is free from any consequences of this charge. If you find him not guilty by reason of insanity, or if you find him guilty but mentally ill, the Court will take such proceedings as it deems necessary under the circumstances to provide treatment and/or punishment should your verdict be guilty but mentally ill."

Finally, in response to a jury request for further instructions on the verdict of guilty but mentally ill, the trial court included a paragraph on disposition:

"Now, what is important, I think, that the jury should understand is this: The law further says that if a defendant is found guilty but mentally ill, the Court then shall impose any sentence which could be imposed pursuant to law upon a defendant who is convicted of the same offense. Then the statute goes on to say that in addition to any sentence the Court may give, that there shall be treatment given to the defendant either by the Department of Mental Health after a transfer to that department or while he is in the custody of the Michigan Corrections Commission, assuming that the Court should sentence the defendant after the jury renders a verdict."

Defense counsel did not object to these instruc-

tions or submit a request for additional or different instructions.

In *People v Cole,* 382 Mich 695; 172 NW2d 354 (1969), the Court held that upon request from the jury or the defense, the trial court must instruct the jury on the disposition of a defendant found not guilty by reason of insanity. The reason for this rule was "to insure that a defendant will not be found guilty because the jury fears that he will be set free if an insanity verdict is returned". *People v Hampton,* 384 Mich 669, 676; 187 NW2d 404 (1971).

In accordance with the *Cole* rationale, prosecutorial comment seeking to capitalize upon this fear has been labelled improper. *People v Szczytko,* 390 Mich 278, 293, 299; 212 NW2d 211 (1973), *People v Secorski,* 37 Mich App 486, 489; 195 NW2d 8 (1972), *People v Lewis,* 37 Mich App 548, 552; 195 NW2d 30 (1972). In *Lewis* and *Secorski,* the comments were held to warrant reversal; however, in *Szczytko,* the Court affirmed the defendant's conviction where the trial court had ruled to restrict further argument on the subject and where a cautionary instruction (not requested by the defense) could have cured any possible prejudice. Similarly, in *People v Blake,* 58 Mich App 685, 689; 228 NW2d 519 (1975), the Court found reversal not required where the prosecutor's comments were "brief, nonprejudicial, made in response to the remarks of defense counsel, and unobjected to at trial".

In the case at bar we likewise do not find that the prosecutor's comments constituted reversible error. This decision is based on several factors. First, the prosecutor never specifically made the comment that was disapproved of in prior cases, *i.e.,* he never stated that if the jury found defend-

ant not guilty *by reason of insanity,* defendant could immediately or within a short time secure his release. Defendant did not admit having committed the crime. In fact, defense counsel's cross-examination of the eyewitnesses centered in part upon the possibility of misidentification. Had defendant admitted the crime, we could be sure that the prosecutor's references to a verdict of "not guilty" meant, on each occasion, "not guilty by reason of insanity". Even assuming that this is what the prosecutor meant, we are precluded from finding reversible error by the Supreme Court's holding in *Szczytko, supra.* In the present case the remarks were not so inflammatory as, for example, those condemned in *Lewis, supra,* where the prosecutor stated that a verdict of not guilty by reason of insanity would allow defendant to "go out and shoot somebody else", having received a "license to kill" from the jury. Here the prosecutor stated, in response to defense counsel's objection, that defendant "might go to a hospital"; he also stated that "the judge will determine what happens to him". Thus, the remarks were not all one-sided and calculated to prejudice the jury against the insanity defense.

Secondly, defense counsel responded to the prosecutor's comments in his own closing argument. He skillfully used the testimony of defendant's mother in conjunction with a plea for treatment for defendant's illness, stating that a finding of insanity was "the only way that he can get help". It is likely that these arguments lessened any possible prejudice caused by the prosecutor's remarks.

Finally, the trial court's actions also served to take much of the sting out of the prosecutor's comments. The court sustained defense counsel's

initial objection, then informed the jury that the prosecutor's remarks were merely his "opinion of the law", and finally gave instructions on the disposition of the defendant pursuant to *Cole, supra.*[3]

Thus, under the circumstances presented here we do not find the prosecutor's comments to require reversal. We would, however, again caution the attorneys against arguing the issue of disposition before the jury. Such argument by either counsel is improper, *Szczytko, supra,* pp 293, 299, because it diverts the trier of fact from the issue to be decided by them, namely, whether or not the defendant was criminally responsible at the time of the crime. *Lewis, supra,* p 553.

The remaining issues raised by defendant also concern the prosecutor's conduct, but require only brief discussion. Defendant argues that the prosecutor committed reversible error by informing the jury in opening statement that "[y]ou are to judge if these are the acts of a person who is in control of his faculties, not suffering from any type of illnesses". Defense counsel did not object to this remark. We do not find it to come within the prohibition against the prosecution's introduction of evidence relating to defendant's sanity before such evidence is introduced by the defense. *People v Plummer,* 37 Mich App 657, 659; 195 NW2d 328 (1972). Here the prosecutor's remark was not evidence, and no testimony was offered by the prosecutor in support of defendant's sanity until rebut-

---

[3] Instructions from CJI 7:8:07 or 7:8:08 and 7:8:10 would have been preferable, but the instructions given by the trial court adequately conveyed the crucial idea that a verdict of not guilty by reason of insanity would not necessarily mean freedom for the defendant. In addition, defense counsel did not object to the instructions as given or submit a request for additional or different instructions. GCR 1963, 516.2.

tal. Furthermore, the insanity issue was covered both in the voir dire questions and in defense counsel's opening statement. We find no error.

Likewise, we find without merit defendant's assignment of error relating to the prosecutor's closing argument characterization of defendant as a violent, vicious, callous person. Defendant's defense was precisely that he *was* such a person, as a result of his experiences in Viet Nam. The prosecutor's remarks were thus a fair comment on the evidence.

Having found no reversible error, we affirm defendant's conviction.