PEOPLE v MAYES

Docket No. 60375. Submitted January 18, 1983, at Detroit.—Decided June 22, 1983.

Gerald Mayes was convicted of voluntary manslaughter, conspiracy to commit felonious assault, five counts of assault with intent to do great bodily harm less than murder and felony-firearm, Recorder's Court of Detroit, Joseph A. Gillis, J. The defendant appealed, by leave granted, alleging that (1) the trial court erred in omitting the intent element when instructing the jury on the elements of voluntary manslaughter, (2) certain testimony should have been excluded as hearsay and (3) the instruction to the jury on felony-firearm was erroneous. *Held:*

1. The trial court did not err in giving its instructions to the jury on voluntary manslaughter. The court instructed the jury that voluntary manslaughter must be shown by an intentional killing. The jury was not misled by the instructions that were given.

2. The defendant's present claim that certain testimony should have been excluded is not grounds for reversal because the defendant failed to raise the proper and precise objection at the trial.

3. Although the trial court's instruction to the jury on felony-firearm did not comply with the recent holding of the Supreme Court on that matter, reversal is not mandated. The defendant was not prejudiced by the trial court's instructions. The defendant was convicted of seven underlying felonies. That is wholly inconsistent with a claim that the jury reached a compromise verdict so it could convict the defendant on the felony-firearm charge.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS.

The Court of Appeals when reviewing a trial judge's instructions

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 894.

[2] 29 Am Jur 2d, Evidence §§ 496, 497.

[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

to the jury for error reviews the instructions in their entirety and not in misleading bits and pieces.

2. CONSPIRACY — COCONSPIRATOR'S STATEMENTS — HEARSAY.
   A coconspirator's statement must be in furtherance of the conspiracy to be excepted from the hearsay rule.

3. APPEAL — PRESERVING QUESTION.
   The reason for an objection must be stated or be reasonably apparent in order to preserve the objection for appellate review.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Charles Campbell,* and *John C. Mouradian* (of counsel), for defendant on appeal.

Before: V. J. BRENNAN, P.J., and GRIBBS and C. J. HOEHN,* JJ.

PER CURIAM. The defendant, Gerald Mayes, was charged with first-degree murder, MCL 750.316; MSA 28.548, conspiracy to commit murder, MCL 750.157a; MSA 28.354(1), five counts of assault with intent to murder, MCL 750.83; MSA 28.278, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was found guilty of voluntary manslaughter, MCL 750.321; MSA 28.553, conspiracy to commit felonious assault, MCL 750.157a; MSA 28.354(1), five counts of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and felony-firearm. He was sentenced to 10 to 15 years for manslaughter, 2 years and 6 months to 4 years for conspiracy, 6 years and 6 months to 10

* Circuit judge, sitting on the Court of Appeals by assignment.

years for each assault count, and the mandatory 2 years for felony-firearm. The defendant appeals by leave granted, raising three issues for our consideration.

## I

The defendant first argues that the trial court erroneously instructed the jury on the elements of voluntary manslaughter by omitting the intent element. When reviewing jury instructions for error, this Court reviews the instructions in their entirety, and not in misleading bits and pieces. *People v Ritsema,* 105 Mich App 602, 609; 307 NW2d 380 (1981). After reviewing the instructions given, we conclude that the court instructed the jury that voluntary manslaughter must be shown by an intentional killing. The court's manslaughter instruction followed the instruction for the charged crime of first-degree murder, which included an intent instruction. The court then distinguished the lesser included offense of voluntary manslaughter from murder, using the standard jury instruction, CJI 16:4:02. At no time did the court imply that one distinguishing factor was the intent element. We are confident that the jury was not misled by the instructions given. See *People v Dupie,* 395 Mich 483, 489; 236 NW2d 494 (1975).

## II

The defendant next argues that certain testimony should have been excluded as hearsay. During redirect examination of a witness, the following occurred:

"*Q.* Then how did you know Gerald fired five times?

"*A.* Because when I saw his gun, he had five bullets in there. When I was running, Ren Jones was shooting.

"*Q.* But how—why do you say that Gerald fired five times?

"*A.* Because the next day my friend told me he fired, too.

"*Mr. Landau:* Objection, hearsay.

"*Mr. LaBret:* Let's find out which friend.

"*Mr. Landau:* I don't care what friend it was.

"*Mr. LaBret:* What if it was your client?

"*Mr. Landau:* Ask him. Fine.

"*The Court:* Go ahead.

"*Q. (by Mr. LaBret):* Which friend told you this?

"*A.* Ren Jones.

"*Q.* Did you tell the police that you saw—

"*Mr. Landau:* I'm going to object to that as being hearsay and the jury instructed to disregard that statement totally.

"*Mr. LaBret:* Well, your Honor, it goes to the conspiracy.

"*Mr. Landau:* I don't care what it goes to.

"*Mr. LaBret:* That's called the first count. It's on the information.

"*The Court:* There is a conspiracy.

"*Mr. Landau:* Your Honor, that is pure hearsay. Lorenzo Jones is not a party to this action.

"*The Court:* He is part of the conspiracy.

"*Mr. Landau:* He is not on trial here.

"*The Court:* I know that.

"*Mr. Landau:* It's pure hearsay.

"*The Court:* The objection is overruled.

"I will instruct the jury later on conspiracy.

"In essence, any statement made by any of the conspirators once the conspiracy is established are binding on all members of the conspiracy."

On appeal, the defendant argues that the testimony should have been excluded because the conspiracy had ended. MRE 801(d)(2)(E). At trial, however, the defendant objected to this testimony

because one of the coconspirators was not a code-fendant, and, therefore, his statements were not excepted from the hearsay rule.[1] These are notice-ably different grounds for objection. Although we acknowledge that the statement was not in fur-therance of the conspiracy (and therefore was not excepted from the hearsay rule), *People v Scotts,* 80 Mich App 1; 263 NW2d 272 (1977), we will not reverse when the defendant failed to raise the proper and precise objection at trial. *People v Hicks,* 70 Mich App 430, 437; 245 NW2d 778 (1976); *People v Cormandy,* 16 Mich App 517, 520; 168 NW2d 430 (1969), *lv den* 382 Mich 756 (1969).[2]

### III

The final issue concerns the jury instruction on the felony-firearm charge. The court instructed the jury as follows:

"So if you find the defendant guilty of any of the offenses or included offenses, then you may consider Count VIII, felony-firearm.

"If you find the defendant not guilty of Counts I through VII, then, of course, Count VIII also fails.

"If you find the defendant committed or attempted to commit the crimes of murder or the various assaults, then you must further consider whether or not he was carrying a firearm or had one in his possession at that time."

---

[1] We do not wish to imply that a coconspirator must be a codefen-dant to render his statements binding on other conspirators.

[2] Given the defendant's confession in which he admitted firing the gun and the witness's description of shots sounding like those from two guns, and another witness's testimony that he saw the defendant hold and shoot a gun, the hearsay testimony was cumulative. Thus, even if reviewed on its merits, the court's evidentiary ruling resulted in harmless error. *People v Jefferson,* 77 Mich App 153, 160; 258 NW2d 172 (1977).

The defendant argues that this instruction was erroneous because felony-firearm is a "separate and distinct offense" from other charged felonies. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *app dis* 444 US 948; 62 L Ed 2d 317; 100 S Ct 418 (1979). The upshot of this argument is that compromise verdicts may be reached if a jury must convict a defendant of a felony before being able to consider the felony-firearm charge. The prosecutor calls the defendant's argument "foolish rubble and * * * not a viable issue for appellate review". The Michigan Supreme Court apparently disagrees with the prosecutor, though, because in *People v Lewis,* 415 Mich 443; 330 NW2d 16 (1982), it decided this issue in the defendant's favor.

Although the instruction ran afoul of *Lewis,* reversal is not mandated. The defendant's failure to object can be excused because the posture of the law at the time of trial did not call for such objection. We feel, however, that the purpose behind *Lewis* is not called into question in this case. A fundamental goal of the *Lewis* instruction is to prevent compromise verdicts. The defendant here was convicted of *seven* underlying felonies; this is wholly inconsistent with a claim that the jury reached a compromise verdict so it could convict on the felony-firearm charge. Thus, while the jury instruction was technically erroneous under *Lewis,* no prejudice resulted to the defendant. We therefore affirm all convictions.

Affirmed.