PEOPLE v EADY

Docket No. 65784. Submitted October 4, 1983, at Grand Rapids.—
Decided December 15, 1983.

Aubrey L. Eady was convicted of armed robbery and possession of
a firearm during the commission of a felony following a jury
trial in Calhoun Circuit Court and was sentenced, Stanley E.
Everett, J. Defendant appeals. *Held:*

The trial court erred in instructing the jury that it could
consider the felony-firearm charge only if it found defendant
guilty of the armed robbery charge. Conviction of a felony or of
an attempt to commit a felony is not an element of the offense
of felony-firearm, therefore the jury may not be instructed that
it must convict of an underlying felony in order to convict of
felony-firearm.

Reversed and remanded for a new trial as to both charges.

Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Fᴇʟᴏɴʏ-Fɪʀᴇᴀʀᴍ — Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴs.

A trial court should instruct a jury that a person cannot be
convicted of a felony-firearm charge unless it finds that he
committed or attempted to commit a felony; but, because
conviction of a felony or of an attempt to commit a felony is
not an element of the felony-firearm offense, the court may not
instruct a jury that it must convict a defendant of the underly-
ing felony in order to convict of the felony-firearm charge (MCL
750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Conrad J. Sindt,* Prose-
cuting Attorney, and *Michael J. Berezowsky,* As-
sistant Prosecuting Attorney, for the people.

State Appellate Defender (by *R. Steven Whalen),*
for defendant on appeal.

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇ
75 Am Jur 2d, Trial §§ 713, 882.
79 Am Jur 2d, Weapons and Firearms § 7.

Before: R. B. Burns, P.J., and D. E. Holbrook, Jr., and R. L. Tahvonen,* JJ.

Per Curiam. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to a term of from 7 to 15 years for armed robbery and a consecutive two year sentence for felony-firearm. He appeals as of right. We reverse and remand for a new trial as to both charges.

Defendant was accused of robbing Sheryl Clark on October 10, 1981, while she was working at the Hudson service station in Battle Creek, Michigan. According to the testamony of Clark, defendant entered the station and asked for some cigarettes. Clark went to get the cigarettes and, as she was turning around back towards defendant, she noticed he had a gun out. Defendant told her to give him her money. Clark testified that defendant then moved toward Clark, reached into her shirt pockets and took the money she had in them. She believed that $352 was taken. After hitting Clark in the face, defendant fled the scene in his car.

The trial judge instructed the jury as follows on the felony-firearm count:

"The second count charges the defendant with having carried or possessed a firearm at the time he committed a felony. As I indicated to you before, you may consider this count only if you find the defendant guilty of the offense charged in count one, namely, armed robbery. If you do so determine, then you will also have be convinced [sic] beyond a reasonable doubt by the evidence that at the time of the commission of the offense, that he did carry or possess a firearm."

* Circuit judge, sitting on the Court of Appeals by assignment.

The trial judge also instructed the jury that:

> "If you find him guilty of armed robbery, then as to count two, either we find the defendant guilty of possession of a firearm during the commission of a felony, or we find the defendant not guilty."

In *People v Lewis,* 415 Mich 443, 455; 330 NW2d 16 (1982), the Supreme Court held that:

> "The judge may and should instruct the jury that a person cannot be convicted of felony-firearm unless the jury finds that 'he commit[ted] or attempt[ed] to commit a felony'. Because conviction of a felony or of an attempt to commit a felony is not an element of the offense, *the jury may not be instructed that it must convict of an underlying felony in order to convict of felony-firearm."* (Emphasis supplied; footnote omitted.)

The prosecutor concedes that if this defendant was tried today, the trial court could not properly instruct the jury as it did. The prosecutor argues, however, that *People v Lewis, supra,* decided December 23, 1982, cannot be applied retroactively to the instructions given by the court in this case on April 7, 1982.

While we fully agree with the prosecutor's assertion that the trial judge cannot be criticized for the instructions given to the jury, we are nonetheless constrained to reverse. *People v Lewis, supra,* did not announce a new rule of law or abrogate existing standards. Rather, the Supreme Court applied in a felony-firearm context the rule of *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980), which permits inconsistent verdicts. While it is true that *Vaughn, supra,* abrogated the old rule barring inconsistent verdicts, the Surpeme Court's decision in that case was rendered on April 28, 1980, long before this trial. In short, *Vaughn* is

the case which established the new rule and *Lewis* is not. *Lewis* builds on the foundation laid in *Vaughn* and requires reversal of the convictions in the present case.

The defendant's convictions are reversed and the case is remanded for a new trial.