## PEOPLE v LAWLESS

Docket No. 70550. Submitted April 18, 1984, at Detroit.—Decided August 20, 1984. Leave to appeal applied for.

Richard K. Lawless was convicted of armed robbery and felony-firearm, Wayne Circuit Court, Richard C. Kaufman, J. Defendant appealed. *Held:*

1. Defendant argued insanity as a defense and alleged on appeal that it was error for the prosecutor to misstate the disposition of a defendant found not guilty by reason of insanity while making his rebuttal remarks. Defense counsel had originally commented on defendant's disposition in the event he was found not guilty by reason of insanity. A misstatement by the prosecutor concerning the disposition of a defendant found not guilty by reason of insanity made after defense counsel has commented on disposition is harmless error where no objection is raised and the court properly instructs the jury on disposition.

2. The prosecutor erred in appealing to the jury's civic duty to convict defendant. However, reversal is not mandated on the basis of prosecutorial remarks suggesting that the jury should convict out of a sense of civic duty where the evidence is overwhelming and no specific objection on that basis was made by defense counsel at trial, as was the case.

3. The prosecutor improperly referred to and argued facts not of record. However, it is not reversible error where there was

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 228.
   Prejudicial effect of argument or comment that accused, if acquitted on ground of insanity, would be released from institution to which committed. 44 ALR2d 978.
[2] 75 Am Jur 2d, Trial § 225.
[3] 4 Am Jur 2d, Appeal and Error § 541.
[4] 5 Am Jur 2d, Appeal and Error § 628.
   47 Am Jur 2d, Jury § 249.
   Effect of allowing excessive number of peremptory challenges. 95 ALR2d 957.
[5] 5 Am Jur 2d, Appeal and Error § 891.
[6] 5 Am Jur 2d, Appeal and Error § 778.

no objection and the judge instructed the jury that the remarks of counsel are not evidence.

4. The trial court committed error in the jury selection process in allowing the exercise of more than one peremptory challenge at a time. However, where the issue is raised for the first time on appeal, as here, reversal is not required.

5. Failure to object to the instructions to the jury in a criminal case waives appellate review of that issue unless manifest injustice would occur. The trial court's arguably erroneous instruction that the jury could not convict of felony-firearm and acquit of armed robbery did not require reversal in this case.

Affirmed.

Shepherd, P.J., dissented. He would hold that the trial court's instruction concerning acquittal of armed robbery and conviction of felony-firearm was incorrect, although he agreed with the majority's analysis of the issue. He would reverse and remand for a new trial for the reason that the errors, while taken separately may be viewed as harmless, taken in their entirety painted a picture of a trial which got out of hand and was fundamentally unfair.

## Opinion of the Court

1. Criminal Law — Not Guilty by Reason of Insanity — Prosecutorial Comment — Disposition.

A misstatement by the prosecutor concerning the disposition of a defendant should he be found not guilty by reason of insanity made after defense counsel has commented on disposition is harmless error where no objection is raised and the court properly instructs the jury on disposition.

2. Criminal Law — Trial — Prosecutorial Comment — Appeal to Civic Duty.

It is error for a prosecutor to suggest that a jury should convict on the basis of civic duty or suggest that the jury should decide the case on other than the evidence itself; reversal is not mandated on the basis of prosecutorial remarks suggesting that the jury should convict out of a sense of civic duty where the evidence is overwhelming and no specific objection on that basis was made by defense counsel at trial.

3. Criminal Law — Prosecutorial Comment — Appeal.

It is improper for a prosecutor to argue or refer to facts not of record; however, it is not reversible error where there was no

objection and the judge instructed the jury that the remarks of counsel are not evidence.

4. JURY — JURY SELECTION — APPEAL — COURT RULES.

It is error in the jury selection process to allow the exercise of more than one peremptory challenge at a time; however, the error does not require reversal where the issue is first raised on appeal.

5. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

Failure to object to the instructions to the jury in a criminal case waives appellate review of the issue unless manifest injustice would occur.

DISSENT BY SHEPHERD, P.J.

6. CRIMINAL LAW — APPEAL — HARMLESS ERROR.

*Errors occurring in a criminal trial, each of which, when considered alone, may be deemed to be harmless, may, when considered in their entirety, paint a picture of a trial which got out of hand and was fundamentally unfair; in such a case on appeal the conviction should be reversed and the matter remanded for a new trial.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: SHEPHERD, P.J., and BEASLEY and W. J. CAPRATHE,* JJ.

BEASLEY, J. Defendant, Richard Keith Lawless, was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to serve not less than 4 nor more than 15 years in prison for armed robbery and the mandatory con-

* Circuit judge, sitting on the Court of Appeals by assignment.

secutive 2-year felony-firearm term. Defendant appeals as of right.

First, defendant argues that it was error for the prosecutor, in rebuttal argument, to misstate the disposition of a defendant found not guilty by reason of insanity. The issue of disposition was first raised by defense counsel in closing argument:

"It is a rare case. In this case, ladies and gentlemen, unlike other cases—it is not permissible to argue other cases, but what you will hear in this case and what you won't hear in any other type of case and what makes it rare is, you will get an instruction by Judge Kaufman on disposition. What is the effect of a verdict of 'not guilty by reason of insanity'? What will happen? What will happen is, it is not going to be any getaway. When you have made the decision, and you will have to live with it, you will go home, go about your business. I will go about my business. The prosecution will go on to case after case. Richard Lawless will go to a mental hospital. I believe this case is about help. I also believe, ladies and gentlemen, if you have any doubt—and I believe reasonable doubt remains—that you should go for help. You will be given that opportunity by the instructions. * * *

"I am not going to ask for a compromise verdict on this case. I don't think a compromise verdict is going to help Richard Lawless. I will ask for 'not guilty by reason of insanity', and if you arrive at this decision, he will go to a hospital, where he belongs."

The prosecutor, on rebuttal, made the following remarks:

"He brings up an interesting point, ladies and gentlemen, and I can speak with you, ladies and gentlemen, because he brought it up: The disposition. If you find the defendant not guilty by reason of insanity, the Court has jurisdiction only to hold him in a mental health facility for 60 days, and then they are free to let him go and walk the streets a free man, unless they

find him a danger to people or society; but they are not claiming that. They are claiming temporary insanity at the time of the commission of the offense. * * *

"So, by law, if you find the defendant guilty by reason of insanity, the State can hold him only 60 days, and they have to let him go. He is a free man. This is not a case of help, demanding help. This is a case of justice. You swore you would be able to find the defendant guilty if you find he committed the crime, which the defendant said he did; and, secondly, on the issue of temporary insanity at the time the offense was committed, whether or not he was legally insane at the time of the commission of the offense or whether he was guilty but mentally ill at the time of the commission of the offense. So don't think that if you find him not guilty by reason of insanity he is going to be locked up in an insane asylum for the rest of his life. Uh-uh. Sixty days, then he walks."

In *People v Cole*,[1] a majority of the Michigan Supreme Court held that, where the insanity defense has been raised, the jury must be instructed concerning the consequences of a not guilty by reason of insanity verdict if the defendant or the jury so requests. In the within case, the trial judge gave the following instruction:

"If you find that the defendant committed the act but was not criminally responsible at the time, then he is not guilty by reason of insanity. If you make such a decision, the defendant will be immediately committed to the custody of the Center for Forensic Psychiatry for evaluation of his present mental condition and such further medical and legal proceedings as are then deemed necessary."

In *People v Szczytko*,[2] the Court addressed the

---

[1] 382 Mich 695; 172 NW2d 354 (1969). Also, see *People v Thomas*, 96 Mich App 210, 223; 292 NW2d 523 (1980).

[2] 390 Mich 278; 212 NW2d 211 (1973).

propriety of comments by counsel concerning the disposition of a defendant found not guilty by reason of insanity. Although the Court held that neither counsel may comment during argument concerning the disposition of the defendant, the defendant's conviction was affirmed. In Justice BRENNAN's opinion, he found the error in the prosecutor's argument was rendered harmless because the trial judge restricted the prosecutor from further commenting, and properly instructed the jury concerning disposition of the defendant.[3]

Both attorneys in the within case violated the prohibition against commenting during argument concerning the disposition of a defendant found not guilty by reason of insanity and, not only did the prosecutor improperly comment on disposition, he misstated the law when he failed to mention that defendant could be held for more than 60 days if he was found to be dangerous to himself or to public safety. However, no objection was raised concerning the prosecutor's comments on disposition, and his remarks were made only after defense counsel had opened the door by commenting on disposition. Furthermore, a curative instruction was given.

On appeal, while defendant argues that the instruction did not cure the error, he acknowledges that he had requested the short form instruction, CJI 7:8:07, which was given. He now argues that the trial court should have given the long form instruction, CJI 7:8:08, which more specifically describes disposition. We do not agree that only the long form instruction could have cured the error. We believe the curative instruction was adequate to render the error harmless.

---

[3] See also *People v Hall,* 83 Mich App 632; 269 NW2d 476 (1978), *lv den* 405 Mich 826 (1979); *People v Staggs,* 85 Mich App 304; 271 NW2d 211 (1978).

It was also error for the prosecutor to tell the jury at the close of his argument that:

"I know you will do your civic duty and find the defendant guilty of armed robbery and guilty of possession of a firearm in the commission of a felony."

However, the evidence of defendant's guilt was considerable, and he did not object to the remark at trial. Accordingly, we do not find this brief remark to be grounds for reversal.[4]

Defendant also failed to object to the second error he contends occurred at trial, when the prosecutor on cross-examination made reference to an examination of defendant by another psychiatrist who had found him sane:

"Q. [Prosecutor]: Do you know whether or not any other psychiatrists were asked to interview this defendant?

"A. [Dr. Joel S. Dreyer]: I don't know. I only saw a couple reports, from a Ph.D. and MSW.

"Q. Isn't it a fact that Dr. Danto examined the defendant and found him sane?

"A. I haven't seen that report, sir.

"Q. You haven't?

"A. No, I haven't.

"Q. Would that have any bearing on your opinion, the fact that Dr. Danto, a noted psychiatrist, would have found him legally sane?

"A. Well, Bruce and I work together—in fact, Bruce works for me at the clinic where I work—and we differ from time to time. He didn't have the same training I did and will often come for extra training, and would admit that here, in court."

It is improper for an attorney to argue or refer

---

[4] *People v Boles*, 127 Mich App 759; 339 NW2d 249 (1983).

to facts not in the record that are from the attorney's personal knowledge.[5] The people concede that no evidence was presented that Dr. Danto had examined defendant. As the prosecutor notes, however, no reference to an examination made by Danto was brought up again. Where defendant did not object at trial to the questions and the trial judge instructed the jury that the questions which attorneys ask witnesses are not themselves evidence, we do not find reversible error.

Additionally, in this case, the prosecution offered expert testimony of a clinical, forensic psychologist that defendant was neither legally insane nor mentally ill. This testimony countered that of Dr. Dreyer who was called by the defense. Thus, the reference to Dr. Danto, albeit improper, was of minimal significance, if any, in the jury's deliberations.

Defendant also asserts that the failure of his trial counsel to object to the questions constitutes ineffective assistance of counsel. We do not believe this to be the case. Defense counsel could properly have refrained from objecting to the brief questions where an objection could have emphasized the testimony in the minds of the jurors and where no further reference was made to the testimony.[6]

Third, defendant states that reversible error occurred on two occasions during the jury selection process when more than one peremptory challenge was exercised at the same time. GCR 1963, 511.6 provides:

---

[5] *People v Knolton*, 86 Mich App 424; 272 NW2d 669 (1978), *lv den* 406 Mich 885 (1979); *People v McCain*, 84 Mich App 210; 269 NW2d 528 (1978), *lv den* 404 Mich 813 (1978).

[6] *People v Garcia*, 398 Mich 250; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977); *People v Joseph*, 24 Mich App 313; 180 NW2d 291 (1970).

"After a challenge for cause is sustained or a peremptory challenge exercised, another juror shall be selected and examined before further challenges are made. Such jurors shall be subject to challenge as are other jurors."

The Michigan Supreme Court disapproved of the "struck jury method" in *People v Miller*[7] and held that a defendant is entitled to have a jury selected as provided by Rule 511.6. In *Miller,* the trial judge announced the procedure he would follow five weeks before trial, and the defendant objected before trial began. However, the "struck" method was used to select the jury. The Supreme Court held that where the selection process is challenged before it begins, a violation of the rule requires reversal even without a showing of prejudice.

Citing *Miller,* a majority of this Court held that reversal was required where a trial court used the "struck method" for the defendant's last two peremptory challenges in *People v Adkins.*[8] The Court, however, emphasized that the holding with respect to the failure to object during jury selection was a narrow one and noted that reversal based on the failure to comply with the court rule would only be proper "[w]here it is impossible or impractical to make an objection out of the presence of the jury".[9]

In the within case, there was a violation of the court rule. However, unlike in *Miller* and *Adkins, supra,* defendant did not raise an objection to this practice at any point in the trial, but raised the issue for the first time on appeal. We, therefore, do not believe that reversal is required on this basis.

Finally, defendant contends that it was reversible error for the trial court to instruct the jury

[7] 411 Mich 321; 307 NW2d 335 (1981).

[8] 117 Mich App 583; 324 NW2d 88 (1982).

[9] 117 Mich App 588.

that, while they could convict on the armed rob-
bery count and acquit on the felony-firearm count,
they could not convict only on felony-firearm. In
fact, the jury was instructed as follows:

"With respect to count II, if you find that the defen-
dant committed the crime of armed robbery, then you
must further consider whether or not he was carrying a
firearm or had one in his possession at that time. This
is a second count or crime charged against the defen-
dant. * * *
"Just to clarify possible verdicts, you can find the
defendant not guilty of both counts I and II. If you do
that, put 'Not Guilty' there. You can find him guilty of
count I but not guilty of count II. You cannot find him
guilty of count II but not guilty of count I."

As defendant made no objection to this portion of
the jury charge, our review of the allegedly errone-
ous instruction is foreclosed unless manifest injus-
tice would result.[10]

In *People v Lewis*,[11] decided after the trial in the
instant case, Justice LEVIN seemed to say that
while a jury should be instructed that *commission*
of a felony or an attempt to commit a felony is an
element of felony-firearm, a jury should not be
instructed that it must *convict* of the underlying
felony in order to convict of felony-firearm. Justice
LEVIN cites as authority for this proposition his
dissent in the chief felony-firearm case of *Wayne
County Prosecutor v Recorder's Court Judge*,[12]
which dissent rested upon his insistence on apply-

[10] *People v Williams*, 114 Mich App 186; 318 NW2d 671 (1982).

[11] 415 Mich 443, 454-455; 330 NW2d 16 (1982).

[12] 406 Mich 374, 418; 280 NW2d 793 (1979), *app dis* 444 US 948; 100
S Ct 418; 62 L Ed 2d 317 (1979). See *Lewis, supra,* 415 Mich 455-456,
fn 17, citing the chief decision in *Wayne County Prosecutor, supra.*
Although Justices KAVANAGH and MOODY joined in the LEVIN dissent
in *Wayne County Prosecutor,* Justice KAVANAGH dissented from
Justice LEVIN's decision in *People v Lewis.*

ing the constitutional double jeopardy prohibition to felony-firearm. In *Wayne County Prosecutor,* the *majority* squarely faced that issue and, in upholding the constitutionality of the felony-firearm statute, concluded there was not any double jeopardy violation.

There is not any language in *Lewis, supra,* indicating an intention to reverse *Wayne County Prosecutor.* Actually, *People v Lewis* is the popular entitlement for three cases, *People v Lewis, People v Johnson* and *People v Hunt,* which were consolidated for argument and for opinion. *Lewis* and *Johnson* are distinguishable from the within case because in both *Lewis* and *Johnson*[13] the jury found the defendant not guilty of the underlying felony, but guilty of felony-firearm. However, in *Hunt,* the jury found the defendant guilty of attempted breaking and entering and of felony-firearm. This Court affirmed the convictions. Although the convictions were affirmed, the prosecution was granted leave to appeal by the Supreme Court. With respect to *Hunt,* Justice LEVIN said:

"The people contend that the Court of Appeals erred in declaring in *Hunt* that the judge should have instructed, as requested by Hunt's lawyer, 'that if they acquit the defendant of the underlying felony count, they cannot convict of felony-firearm'. The Court of Appeals nevertheless found the error to be harmless because Hunt had been convicted of both the felony charge and felony-firearm. We agree with the prosecutor.

"While the felony-firearm statute makes commission or the attempt to commit a felony an element of the offense of felony-firearm, it does not make conviction of

[13] *People v Mayes,* 126 Mich App 668, 673; 337 NW2d 623 (1983), and *People v Eady,* 131 Mich App 627; 345 NW2d 653 (1983), are other cases where this Court has had difficulty with *People v Lewis, supra.*

a felony or of an attempt to comit a felony an element of the offense. The statute is set forth in the margin.

"The judge may and should instruct the jury that a person cannot be convicted of felony-firearm unless the jury finds that 'he commit[ted] or attempt[ed] to commit a felony'. Because conviction of a felony or of an attempt to commit a felony is not an element of the offense, the jury may not be instructed that it must convict of an underlying felony in order to convict of felony-firearm."[14] (Footnotes omitted.)

Based on this analysis, Justice LEVIN's opinion affirmed Hunt's conviction.

We recognize that it may be argued that the *Hunt* analysis would indicate an error in instruction here. However, under the circumstances of this case, we see no manifest injustice here. We point out that, in this case, defendant admitted that he held up the gas station attendant at gunpoint. At trial, the chief issue was with regard to his mental condition. No claim was made that defendant did not have the weapon required for a felony-firearm conviction.

Under these circumstances, it is hardly surprising that trial counsel did not choose to object to the jury instruction that was given. The *Lewis (Hunt)* decision did not come along until after the within jury instruction and jury verdict, which is another reason for not disturbing this conviction. Furthermore, the evidence here was overwhelming. Consequently, we do not find the instruction requires reversal.

Affirmed.

W. J. CAPRATHE, J., concurred.

SHEPHERD, P.J. *(dissenting)*. The majority opinion

---

[14] *People v Lewis, supra,* 415 Mich 454.

ably sets forth in detail the various errors that occurred in this trial and little elaboration is required. Nevertheless, the significance of these errors does deserve comment.

The prosecutor made a clear misstatement of law when he said that, if the defendant were acquitted by reason of insanity, defendant would spend 60 days in an insane asylum and "then he walks". I do not believe that the curative instruction corrects this error since the instruction simply said that the defendant would be sent for evaluation of his present mental condition "and such further medical and legal proceedings as are then deemed necessary". Given the high degree of credibility of the prosecutor, it is my belief that some jurors may have been misled by the instruction and that the court would have been well advised to specifically state to the jury that the prosecutor made a misstatement of law. If this were the only error, I would be prepared to say that it was harmless. However, there was much more.

The prosecutor erred by admonishing the jury to do its civic duty.

The prosecutor erred in referring to the alleged testimony of the absent Dr. Danto. Although there was actual testimony that defendant was sane, the jury, or some members thereof, might have been persuaded to go along with a theory of sanity based upon a reference in the trial to a Dr. Danto who is alleged to have found the defendant sane.

The jury selection process was improper.

The instruction to the jury on felony-firearm was incorrect, although I accept the analysis of the majority on this issue.

Each one of the above errors taken alone might very well be considered harmless. However, taken

in their entirety, they paint the picture of a trial which got out of hand and was fundamentally unfair. The only substantial issue in this case related to the defendant's sanity. If all of the errors had been absent, it is my belief that the defendant's chances of prevailing on that issue would have been considerably greater and I believe he should have had an opportunity to have a trial untainted by the mistakes which the majority acknowledges were errors of law. It is indeed difficult to draw the line at a point where an accumulation of harmless error results in substantial error. My view of this case is that we have crossed the line. See *People v Spencer,* 130 Mich App 527; 343 NW2d 607 (1983).

I would reverse and remand for new trial at which the errors referred to in the majority opinion would presumably not occur.