## PEOPLE v DAVIS

Docket No. 77920. Submitted January 15, 1985, at Detroit.—Decided
April 16, 1985. Leave to appeal applied for.

Defendant, Willie J. Davis, was convicted of armed robbery,
kidnapping, and felony-firearm, Recorder's Court of Detroit,
Richard P. Hathaway, J. Defendant appealed, alleging that the
court erred in giving the jury instruction concerning felony-
firearm and that the court abused its discretion at sentencing
by not specifically stating the criteria considered and by not
affording defendant his right of allocution. *Held:*

1. The jury instruction was given without objection. Jury
charges are assessed in their entirety and unobjected-to error is
not ground for reversal except upon a showing of manifest
injustice or that the charge omits an essential component of an
offense. The record does not reveal any manifest injustice.

2. The record shows that the sentence given was not based on
improper or arbitrary reasons and that both defendant and his
counsel were given an opportunity for allocution prior to sen-
tencing.

Affirmed.

1. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

The Court of Appeals generally will not reverse a trial court
because of an error in jury instructions where no objection to
the instructions was raised at trial; jury charges are assessed in
their entirety and unobjected-to error is not ground for reversal
except upon a showing of manifest injustice or that the charge
omits an essential component of an offense.

2. TRIAL — JURY INSTRUCTIONS — APPEAL.

No reversible error occurs in the omission of a requested jury
instruction where the charge as a whole covers the substance of

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 623.

[2] 75 Am Jur 2d, Trial § 711.

[3] 21 Am Jur 2d, Criminal Law § 531.

Necessity and sufficiency of question to defendant as to whether he
has anything to say why sentence should not be pronounced
against him. 96 ALR2d 1292.

the omitted instruction, fairly presents the issues to be tried, and sufficiently protects the rights of the defendant.

3. CRIMINAL LAW — SENTENCING — ALLOCUTION — COURT RULES.

The right of allocution does not include a right to speak after sentence has been passed on the defendant (GCR 1963, 785.8[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea J. Solak,* Assistant Prosecuting Attorney, for the people.

*Charles E. Donahue* and *Frank Singer,* for defendant.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and W. A. PORTER,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, kidnapping, MCL 750.349; MSA 28.581, and felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to two concurrent terms of from 10 to 20 years imprisonment for the armed robbery and kidnapping convictions to be served consecutively with the mandatory 2-year term for the felony-firearm conviction. Defendant appeals as of right.

We first consider whether an unobjected-to variance from the Criminal Jury Instructions concerning the felony-firearm charge resulted in a manifest injustice to the defendant. Defendant was charged with felony-firearm in connection with both the armed robbery and the kidnapping charges. The jury therefore could have found defendant guilty of felony-firearm if they found that defendant was guilty of the armed robbery or the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

kidnapping. Defendant correctly asserts that the trial court's instruction was erroneous because it suggested that convictions on both the robbery and kidnapping charges were necessary for the jury to find that defendant was guilty of felony-firearm. Defendant claims that, because of the close factual dispute concerning whether the kidnapping charge was separate and apart from the armed robbery charge, it is likely that the jurors may have been influenced by this erroneous charge into finding the defendant guilty of kidnapping in order for them to also find him guilty of felony-firearm.

Since there was no objection to the alleged erroneous instruction, we will only reverse upon a showing of a manifest injustice or that the charge omits an essential component of the offense. *People v Byrd,* 133 Mich App 767, 774; 350 NW2d 802 (1984). Even though jury instructions may be somewhat imperfect, there is no error if they fairly presented to the jury the issues to be tried and sufficiently protected the rights of a defendant. *People v Bender,* 124 Mich App 571, 574-575; 335 NW2d 85 (1983).

Defendant's argument is not supported by the record. The record indicates that, when the jury originally came back after initial deliberations, they found the defendant guilty of armed robbery and kidnapping. The jury, however, indicated that they could not agree on a decision concerning the felony-firearm charge, apparently because the prosecution had failed to produce the gun defendant allegedly used. The trial court ordered the jury to continue their deliberations the next day, and only after further deliberations did the jury find the defendant guilty of felony-firearm. These facts show that defendant's theory that the jury found him guilty of kidnapping so that they could find him guilty of felony-firearm is without merit.

The record clearly shows that the jury was primarily concerned with the sufficiency of the evidence showing that defendant possessed a firearm during the commission of the felonies. We do not find that reversal is required because of the court's instruction. *People v Lawless,* 136 Mich App 628; 357 NW2d 724 (1984).

Defendant next argues that the trial court abused its discretion at sentencing since it did not specifically state the criteria it considered. The trial court stated that it followed the criteria enunciated in *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). See, also, *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). The court's explanation of the sentence shows that it was not based on improper and arbitrary reasons. Defendant's argument is, therefore, without merit.

Defendant next argues that he was denied his right to allocution. GCR 1963, 785.8(2) requires that the record reflect that both defendant and his counsel were given the opportunity to address the court before sentencing. The record in the instant case shows that defendant and his counsel were given the opportunity to address the court prior to the imposition of the sentence. Both the defendant and his counsel took the opportunity to address the court prior to the imposition of the sentence. Both the defendant and his counsel took the opportunity to ask for leniency from the court. There is nothing in the record to suggest that either defendant or his counsel were prevented in any way from speaking to the circumstances surrounding the crime or to the sentence that should be imposed if they wished to do so.

Nonetheless, defendant argues that he was denied his right to allocution in this case because he was not given an opportunity to speak after the trial judge imposed the sentence and gave the

reasons why the particular sentence was required. We reject this unsupported argument. Defendant does not have the right to cross-examine the judge after sentence is imposed.

Affirmed.